

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Railroad Commission of Texas
Capitol Station
Austin, Texas

Attention: Mr. C. H. McNamee

Dear Sirs:

Opinion No. 0-6587
Re: Whether Railroad Commission
may prescribe reasonable
rates, tolls, or charges
for the movement of passen-
gers in special cars and in
special trains in excess of
three cents fare provided
for in Article 6416.

We have received your request for an opinion on the
above captioned matter, and we quote from your letter as
follows:

"The Commission would appreciate your opinion
in connection with the following:

"(a) Application of provisions of Article 6416,
R.C.S., 1925, relative to passenger fare of three
cents per mile in connection with party movement of
passengers in special cars and in special trains,
arrangements for which must be made with carriers
prior to movement.

"(b) Under the provisions of Section 9 of
Article 6448 reading: 'The Commission shall have
power to prescribe reasonable rates, tolls and
charges for all other services performed by any
railroad **'; is the movement of passengers in
special cars and in special trains, where it is
necessary to assemble equipment and/or crews, of
such nature to be embraced in the provision 'all
other services performed' for which the Commission
may prescribe reasonable rates, tolls or charges,
although such charges may result in per capita
fares in excess of three cents per mile.

Railroad Commission of Texas, page 2

"In order that you may fully understand the situation, some explanation of the proposition which prompts the inquiry appears proper.

"Tariffs of the Texas railroads governing party movement of passengers in special cars and in special trains provide for, in addition to the purchase of a minimum number of tickets based on the adult first class fare, a further minimum charge per car or per train.

"Within Texas these minimum charges apply for the entire movement regardless of the number of railroads involved in the haul. In other states and on interstate movements such charges apply seperately for each line and recently the railroads requested authority to apply that basis intrastate in Texas.

"Pursuant to public hearing in the matter the Commission issued an order requiring cancellation of the minimum charges in their entirety for the reason that for certain distances their application resulted in per capita fares in excess of three cents per mile. For your information, a copy of Passenger Circular No. 241 which embodies the order is attached.

"The provisions of the order were based largely upon a ruling made to the Commission February 12, 1914, by Mr. Luther Nichols, Assistant Attorney General at that time, a copy of which is also attached.

"The railroads have recently petitioned the Commission to reconsider the matter which petition sets forth reasons why it is believed that the Commission has placed erroneous construction upon the governing statutes. A copy of the petition is enclosed.

"In further explanation, you are advised that the general provisions of the above mentioned tariffs were not prescribed by the Commission but were placed

in effect during the period of Federal Control of railroads, beginning February 28, 1917, and continued in effect under Section 206-a of the 1920 Transportation Act (U. S. Code, title 49, Sec. 76), except that subsequent to February 29, 1920, the Commission has authorized some increases in the minimum charges. However, prior to Federal Control the Commission had prescribed fares for party movements in special cars and in special trains including minimum charges which, for certain distances, resulted in per capita fares in excess of three cents per mile.

"The foregoing, in connection with the documents attached, I believe explains the situation, and at your convenience the Commission would be pleased to receive your advice in the matter."

Article 6416, Vernon's Annotated Civil Statutes, reads as follows:

"The passenger fare upon all railroads in this State shall be three cents per mile, with an allowance of baggage to each passenger not to exceed one hundred pounds in weight; provided, however, that where the fare is paid to the conductor, the rate shall be four cents per mile, except from the stations where no tickets are sold, and that the minimum charges in no case shall be less than twenty-five cents; and provided, further, that when the passenger fare does not end in five or naught, the nearert sum so ending shall be the fare; provided that in no casesshall children under ten years of age be charged a higher rate of fare than two cents per mile. Railroads shall be required to keep their ticket offices open for half an hour prior to the departure of trains, and upon failure to do so they shall not charge more than three cents per mile."

In enumerating the duties of the Railroad Commission, Subsection 1 of Article 6448, Vernon's Annotated Civil Statutes, provides:

"1. Adopt all necessary rates, charges and regulations, to govern and regulate freight and passenger traffic, to correct abuses and prevent unjust discrimination and extortion in rates of freight and passenger traffic on the different railroads in this State."

Railroad Commission of Texas, page 4

Subsection 9 of the same article reads as follows:

"Make and establish reasonable rates for
the transportation of passengers over each rail-
road subject hereto, which rates shall not exceed
the rates fixed by law. The Commission shall have
power to prescribe reasonable rates, tolls or
charges for all other services performed by any
railroad subject hereto." (Emphasis Ours).

Article 6416, supra, provides that "the passenger fare
upon all railroads in Texas shall be three cents per mile", which
includes an allowance not to exceed one hundred pounds of baggage.
The question to be determined is whether it was intended that
this maximum passenger fare should apply to each passenger trans-
ported on the passenger trains, regardless of whether he be
transported on regularly scheduled trains or special cars or
special trains.

The first part of subsection 9 of Article 6448, supra,
provides that the Railroad Commission shall "make and establish
reasonable rates for the transportation of passengers over each
railroad subject hereto, which rates shall not exceed the rates
fixed by law", and the latter part of said subsection provides
that "the Commission shall have power to prescribe reasonable
rates, tolls or charges for all other services performed by any
railroad subject hereto."

A careful study of subsection 9 of Article 6448 re-
veals that it is not clear and definite, and therefore we will
have to look to the departmental construction of the same.

For over twenty-five years your department has
construed the above statute as giving the Railroad Commission power
to fix charges (in excess of maximum fares provided for in
Article 6416) that may be charged by the railroads of this state
for the transportation of passengers on special passenger cars
and special passenger trains.

Railroad Commission of Texas, page 5

In discussing departmental construction, 39 Texas Jurisprudence, page 234, § 126, reads, in part, as follows:

"The courts will ordinarily adopt and uphold a construction placed upon a statute by an executive officer or department charged with its administration if the statute is ambiguous or uncertain, and the construction so given it is reasonable. In other words, the judiciary will adhere to an executive or departmental construction of an ambiguous statute unless it is clearly erroneous or unsound, or unless it will result in serious hardship or injustice, although it might otherwise have been inclined to place a different construction upon the act." Shaw Banking Commission vs. Story, 96 S. W. (2d) 277, Supreme Court of Texas.

The above principle of law seems to be well settled in this state, and it has been followed in many cases. One of the latest of these cases is Stanford, et al, vs. Butler, et al, 181 S. W. (2d) 269, (Supreme Court Opinion rendered on June 22, 1944).

In an able opinion written by Hon. Luther Nickels, Assistant Attorney General of Texas in 1914, he discussed the first part of what is now subsection 9 of Article 6448 but ignored the latter provision of the same. Also he failed to answer the last question in said opinion which is applicable to our present situation.

In connection with this opinion it should be pointed out that the Railroad Commission of Texas has construed the above statutes for over a quarter of a century, and the Legislature is presumed to have been aware of this interpretation and they have not so much as amended the same or done anything that would indicate a contrary intent.

We think that the construction placed on subsection 9 of Article 6448 by the Railroad Commission is reasonable, and we are of the opinion that the Railroad Commission may prescribe reasonable charges (in excess of the maximum fares provided for in Article 6416) that maybe charged by the railroads of this

Railroad Commission of Texas, page 6


State for the transportation of passengers on special passenger cars and special passenger trains. We think such special passenger cars and special passenger trains are within the meaning of the term "other services" as the same is used in subsection 9 of Article 6448, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By J. C. Davis, Jr.
J. C. Davis, Jr.
Assistant

JCD:rt